[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CONCERNING MOTION RE PERSONAL PROPERTY
The parties to this action of dissolution intermarried on May 31, 1986, and a judgment dissolving the marriage was entered on October 18, 1993. However, at that time the court retained jurisdiction regarding the ownership of personal property in the event the parties could not agree. It has developed that there is a disagreement as to a grandfather clock and a Belgian Browning shotgun.
As to the shotgun the defendant was an avid gun person who enjoyed shooting with the plaintiff's father. The latter owned many guns including the shotgun, and had noted that the defendant Mr. Boehnert shot well with this CT Page 4069-MM particular gun. For these reasons he gave the gun to the defendant. It is therefore concluded that a valid gift of the gun was made.
As to the grandfather clock, the defendant claims that the plaintiff's mother, Mrs. Lockhart, gave it to him. This, he claims, took place in 1985. At that time the parties were not married and were merely visiting the Lockharts at their home in Kansas. They were then meeting Mr. Boehnert for the first time. Considering that this clock had been in the family for many years, it is difficult to conclude that such an old family item would be given to the defendant, whom, at the time in question, they were meeting for the first time. Also, at that time the parties were not married or engaged.
In view of the evidence produced the following order is issued:
1. The defendant shall have the shotgun.
2. The plaintiff shall have the clock. Because the defendant has paid for the clock repair, he is entitled to some reimbursement. Accordingly, he is ordered to deliver the clock to the plaintiff's home, but only upon the payment to him by her of the sum of $375.
John M. Alexander State Trial Referee